IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | No. 4:19-CR-00277 |
| | § | |
| LEONEL GARDEA (3) | § | |

**RESPONSE TO DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER**

COMES NOW, the United States of America, by and through the United States Attorney for the Eastern District of Texas, and files the government's Response to Defendant's Motion for Revocation of Detention Order and the Government would show the court as follows:

**I. HISTORY**

 **A. Indictment**

On May 20, 2020, a federal grand jury sitting in the Eastern District of Texas - Tyler Division returned a First Superseding Indictment, charging the defendant with the following offenses: Count 2: Conspiracy to Possess with intent to Manufacture and Distribute Cocaine, in violation of 21 U.S.C. §§ 846 & 841 (a)(1); Count 3: Manufacturing and Distributing Methamphetamine, Cocaine, and Heroin Intending and Knowing that the Methamphetamine, Cocaine and Heroin Will be Unlawfully Imported into the United States, in violation of 21 U.S.C. § 959 and 18 U.S.C. § 2; Count 4: Conspiracy to Commit Money Laundering, in violation of 18 U.S.C 1956(h); Count 5:

Conspiracy to Possess with intent to Manufacture and Distribute Heroin, in violation of 21 U.S.C. §§ 846 & 841 (a)(1). The penalties for the violations of Count Two, Three and Five include: not less than ten years nor more than life imprisonment; maximum $10,000,000 fine; supervised release of at least five years; and a $100 mandatory special assessment.

### B.  Detention Hearing

On May 27, 2020, a detention hearing was held in Plano, Texas before United States Magistrate Judge Kimberly Priest Johnson.  After testimony and evidence was presented, Magistrate Judge Johnson determined that the Government had established by a preponderance of the evidence that there was a serious risk the defendant would flee if released pending trial and that he was a continuing threat to the community and that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required and the safety of the community. *See attached Order of Detention Pending Trial.*

### II. DEFENDANT'S MOTION

On May 31, 2020, the Defendant filed his Motion for Revocation Detention Order which is in essence a Motion to Re-Open the Detention Hearing. The Defendant's motion is filed on the grounds that "[T]he analysis and Statement of the Reasons for Detention are contrary to the law and evidence presented". EFC Dkt. #47.  The Defendant's motion does not provide any new facts or evidence which was not previously presented and offered at the detention hearing on May 27, 2020.

### III. ARGUMENT

The Government maintains that Leonel Gardea remains a flight risk and a threat to the community and that there are no conditions that can guarantee his appearance in court or the safety of the community. The defendant in his motion argues the same facts and evidence offered during the detention hearing.

Gardea has failed to articulate any new facts or evidence which are now available that were not available at the time of his original hearing. Gardea's request is not sufficient to establish that there is new facts sufficient to re-open the detention hearing pursuant to 18 U.S.C. § 3142(f).

Gardea has shown no information that would require the Court to reopen the detention hearing. The Government submits that the Court has heard evidence concerning this matter, and the grand jury has already found probable cause. The presumptions applicable to this case under the Bond Reform Act are not rebutted by Gardea's new statement.

### IV. FACTS

The Indictment is based on an on-going investigation of an organized crime operation importing large quantities of cocaine, methamphetamine and heroin from Mexico into Texas.

The organization is headed by individuals in Mexico who are targets of an ongoing DEA investigation in the Eastern District of Texas. Since January 2016, Gardea and co-conspirators, have been involved in the importation, production and distribution of large quantities of methamphetamine, heroin and cocaine.

Response to Defense Motion to Reconsider – Page 3

At Gardea's detention hearing, United States Magistrate Judge Johnson among other things, found; (1) that Gardea was charged with an offense involving a maximum term of imprisonment of 10 years or more as prescribed in the Controlled Substances Act; (2) that irrespective of whether the defendant had rebutted the presumption or, alternatively, if no presumption in favor of detention applies, detention was warranted because: (a) that the weight of evidence against the defendant is strong;(b) by a preponderance of evidence that there is a serious risk the defendant would flee if released pending trial and that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required; (c) that the defendant is subject to a lengthy period of incarceration; (d) that the defendant lacked stable employment; (e) that the defendant had a history of alcohol or substance abuse; (f) that the defendant had significant family or other ties outside the United States.

## V. PRESUMPTION OF FLIGHT

The charges in this case create a presumption that the defendant is a flight risk. 18 U.S.C. § 3142(e).

The evidence against Gardea involves large quantities of narcotics, large quantities of money, firearms, connections to an organization with ties to a foreign country, and he has family members who reside in Mexico. Guzman-Meza was born in Mexico and travels frequently to Mexico. He is clearly a significant flight risk and a threat to the community.

## VI. CONCLUSION

The defendant's Motion for Revocation of Detention Order fails to articulate or

Response to Defense Motion to Reconsider – Page 4

allege "new evidence" to merit reopening the detention hearing. The defendant remains a flight risk and a threat to the community and should be detained.

The government respectfully requests that Defendant's Motion be denied.

Respectfully submitted,

STEPHEN J. COX
United States Attorney

\_\_\_/s/_____
ERNEST GONZALEZ
Assistant United States Attorney
Texas Bar No. 00789318
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
Ernest.Gonzalez@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via electronic filing to defense counsel on June 4, 2020.

\_\_\_/s/_____
ERNEST GONZALEZ